James D. Weinberger (jweinberger@fzlz.com)
Jason D. Jones (jjones@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, New York 10017
Tel:  (212) 813-5900
Fax:  (212) 813-5901

*Counsel for Plaintiff Rockefeller & Co., Inc.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ROCKEFELLER & CO., INC.,

       *Plaintiff*,

       v.

ROCKEFELLER MERCHANT CAPITAL, LLC,

       *Defendant*.

## COMPLAINT

Plaintiff Rockefeller & Co., Inc. ("Rockefeller & Co." or "Plaintiff"), by its undersigned attorneys, for its Complaint against Defendant, alleges as follows:

## NATURE OF THE ACTION

1.    Plaintiff, the successor to the Rockefeller family office, is an investment management and wealth advisory firm and the owner of the ROCKEFELLER trademark in connection with a wide range of financial and accounting services.  Despite the undeniable fame of the ROCKEFELLER name and despite having actual and constructive knowledge of Rockefeller & Co.'s rights in the ROCKEFELLER trademark, Defendant has, without authorization or permission from Rockefeller & Co., recently adopted for itself the ROCKEFELLER name as a trademark for its financial services business.

{F1698987.2 }

2. Such use of the ROCKEFELLER mark by Defendant impermissibly creates an association between Rockefeller & Co. and Defendant in the minds of consumers and dilutes the ROCKEFELLER trademark. As a result, to protect the goodwill that Rockefeller & Co. has established in the ROCKEFELLER mark, Plaintiff brings this action for (i) trademark infringement under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (ii) unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); (iii) trademark dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c); (iv) cybersquatting under Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d); (v) trademark infringement and unfair competition under the common law of New York; and (vi) trademark dilution under New York law. Plaintiff seeks injunctive relief, an accounting of Defendant's profits flowing from its use of the infringing mark, damages, attorneys' fees, and such other relief as the Court deems just and proper.

## THE PARTIES

3. Rockefeller & Co. is a corporation duly organized and existing under the laws of the State of Delaware, with offices at 10 Rockefeller Plaza, New York, NY 10020.

4. Upon information and belief, Defendant Rockefeller Merchant Capital, LLC is a limited liability company organized and existing under the laws of the State of New York, with offices at 223 West 38th Street, New York, NY 10018.

## JURISDICTION & VENUE

5. This Court has jurisdiction over the subject matter of this action pursuant to Section 39 of the Lanham Act, 15 U.S.C. § 1121, and under Sections 1331, 1338(a) and 1338(b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) and 1338(b). The Court has supplemental

jurisdiction over the state law claims under Section 1367(a) of the Judicial Code, 28 U.S.C. § 1367(a).

6. This Court has personal jurisdiction over Defendant because, upon information and belief, Defendant is a New York limited liability company and Defendant regularly does and solicits business within this State.

7. Venue is proper in this district pursuant to Sections 1391(b) and (c) of the Judicial Code, 28 U.S.C. §§ 1391(b) and (c) of the Judicial Code, 28 U.S.C. § 1391(b) and (c), in that a substantial part of the events giving rise to the claim, including, but not limited to, Defendant's marketing, promotion, advertising, and offering for sale of services in violation of Rockefeller & Co.'s exclusive rights in the ROCKEFELLER mark occurred in this District, Defendant is located in this District, and Defendant is subject to personal jurisdiction in this State.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### A. Rockefeller & Co. and the ROCKEFELLER Mark

8. Rockefeller is one of the most prominent families and names in the United States and is highly regarded throughout the world. The Cleveland family of John D. Rockefeller (1839-1937) is an American industrial, financial, and political dynasty that made one of the world's largest private fortunes in the oil business during the late 19th and early 20th centuries.

9. In 1882, John D. Rockefeller established an office to manage his family's assets, as well as to create and sustain wealth for future generations. The office provided investment management and financial counseling services for the Rockefellers and related organizations.

10. Since 1979, Rockefeller & Co., the successor to this office, has expanded these investment management and wealth advisory services by offering them to the general public. Rockefeller & Co. registered with the Securities and Exchange Commission as an investment

adviser in 1980 and chartered trust companies in New York and Delaware in 1985 and 1997, respectively. The New York trust company was converted to a national charter in 2009.

11. Today, Rockefeller & Co., through its affiliated companies, which include, *inter alia*, Rockefeller Trust Company, N.A., The Rockefeller Trust Company (Delaware) and Rockit Solutions, LLC, offers wealth planning, investment management, investment advice, trust services, family office services and information management of the large volume of financial data associated with these services to wealthy individuals and families, family offices, trusts, endowments, foundations, not-for-profit organizations and other institutions.

12. As of September 30, 2015, Rockefeller & Co. and its affiliated companies have assets under administration of approximately $41 billion.

13. As a result of decades of use, a substantial investment in promoting its services, and a high volume of wealth managed by Rockefeller & Co., the ROCKEFELLER mark has acquired enormous value and has become famous among the consuming public and trade as identifying and distinguishing Rockefeller & Co. exclusively and uniquely as the source of services available under or bearing the ROCKEFELLER mark.

14. In addition to the rights built up through its extensive use of the ROCKEFELLER mark for decades, Rockefeller & Co. is the owner of U.S. Trademark Reg. No. 3,809,398 for ROCKEFELLER and Reg. No. 3,414,179 for ROCKEFELLER & CO, both based on first use in 1979 for the following services:

> "Financial services, namely, financial consultation, financial planning, financial portfolio management, investment of funds for others, financial and investment information management for others, and management of capital investment funds, hedge funds, private equity funds and other collective investment vehicles; investment consultation; investment management and advisory services for discretionary and non-discretionary domestic and foreign accounts for high net worth individuals, corporations, partnerships, limited liability companies, charitable institutions, trusts and estates; investment supervisory services in connection with open architecture programs, namely, financial

{F1698987.2 }                                                       4

planning, conducting financial reviews, investment advice, asset allocation, and financial analysis and consultation; trust services, namely, investment services; estate planning; bill payment services; administration of employee benefit plans" in International Class 36; and

"Accounting services; tax and taxation planning, advice, information and consultancy services; tax preparation and filing services; personal budget preparation; business management and advice; human resources consultation" in International Class 35.

15. The above-listed registrations are valid, subsisting, in full force and effect and constitute prima facie evidence of the validity of the mark and of Rockefeller & Co.'s ownership and exclusive right to use the marks in connection with the identified services pursuant to § 7(b) of the Lanham Act, 15 U.S.C. § 1057(b).  Moreover, U.S. Reg. No. 3,414,179 is incontestable pursuant to § 15 of the Lanham Act, 15 U.S.C. § 1065, and serves as conclusive evidence of Rockefeller & Co.'s ownership of the ROCKEFLLER & CO mark and of its exclusive right to use the mark in commerce in connection with all of the services identified in the aforementioned registrations.  *See* 15 U.S.C. § 1115(b).  Attached hereto as **Exhibit A** are true and correct printouts from the U.S. Patent and Trademark Office database reflecting these registrations.  As a matter of law, these registrations serve to place Defendants on constructive notice of Rockefeller & Co.'s rights in the ROCKEFELLER and ROCKEFELLER & CO marks.  *See* 15 U.S.C. § 1072.

B.  **Defendant's Wrongful Activities**

16. According to its website, Defendant is a financial services business that purportedly provides, *inter alia*, business loans.

17. In operating its financial services business, Defendant has adopted without authorization ROCKEFELLER MERCHANT CAPITAL as its trade name.

18. In connection with this endeavor, Defendant is also using the ROCKEFELLER mark in connection with the domain name for its website, namely *www.rockefellermerchantcapital.com*.

19. Defendant is not associated or affiliated with Rockefeller & Co. and has never been authorized or otherwise licensed to use the ROCKEFELLER mark or any other confusingly similar variation thereof in connection with the sale or offering for sale of any services.

20. The services Defendant offers under the ROCKEFELLER MERCHANT CAPITAL mark are not provided or approved by Rockefeller & Co.

21. Defendant's use of ROCKEFELLER began long after Rockefeller & Co. first began using its name in connection with financial services and long after such name became famous and associated exclusively with Rockefeller & Co.

22. Defendant had actual notice of Rockefeller & Co.'s rights to and interest in the ROCKEFELLER mark and, indeed, upon information and belief, chose to use the ROCKEFELLER mark in connection with its financial services business because of the very fame and connection of the ROCKEFELLER name and mark in the financial services industry.

23. As a matter of law, Defendant was on constructive notice of Rockefeller & Co.'s rights in the ROCKEFELLER and ROCKEFELLER & CO marks based on Plaintiff's registrations therefore.

24. Accordingly, Defendant's unauthorized use of the ROCKEFELLER MERCHANT CAPITAL mark is with a deliberate intent to ride on the goodwill of Plaintiff's ROCKEFELLER and ROCKEFELLER & CO. marks and with the deliberate intent to create a false impression as to the source or sponsorship of Defendant's services. The goodwill that Rockefeller & Co. has built up in its brand through years of substantial investment and effort is

{F1698987.2 }                                              6

put at risk by virtue of Defendant's appropriation of the ROCKEFELLER mark to sell and advertise its own services.

25. As a result of Defendant's use of the ROCKEFELLER mark or confusingly similar variations thereof, Rockefeller & Co. is being irreparably harmed by the existence and sale of Defendant's services.

26. Defendant's acts are likely to injure Rockefeller & Co.'s goodwill and reputation. The use by Defendant of Rockefeller & Co.'s ROCKEFELLER mark unfairly and unlawfully wrests from Rockefeller & Co. control over its valuable trademark and reputation. Rockefeller & Co. has no control over the quality of Defendant's services. As a result, Rockefeller & Co.'s extremely valuable reputation is put in jeopardy and may be permanently damaged.

27. Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Rockefeller & Co.'s business and goodwill unless restrained by this Court.

## FIRST CLAIM FOR RELIEF:
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114(1))

28. Plaintiff repeats and realleges the allegations set forth in Paragraphs 1 through 27 as if fully set forth herein.

29. Defendant's offering, advertising and providing of services under the ROCKEFELLER MERCHANT CAPITAL mark is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's services.

30. As a result of Defendant's unauthorized use of Rockefeller & Co.'s federally registered ROCKEFELLER mark, consumers of Defendant's financial services are likely to believe that Defendant's services have been approved by or are otherwise associated with Rockefeller & Co.

31. Such use falsely represents Defendant as being legitimately connected with and/or authorized by Rockefeller & Co. and places beyond Rockefeller & Co.'s control its own reputation and ability to control the use of the ROCKEFELLER mark or the quality of the services bearing that mark.

32. Defendant's infringement of Rockefeller & Co.'s registered marks is willful, intended to reap the benefit of the goodwill of Rockefeller & Co., and violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

33. Defendant's aforesaid conduct is causing irreparable injury to Rockefeller & Co. and to its goodwill and reputation, and will continue both to damage Rockefeller & Co. and deceive and threaten harm to the public unless permanently enjoined by this Court.

34. Rockefeller & Co. has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF: FEDERAL UNFAIR COMPETITION (15 U.S.C. § 1125(a))

35. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 34 above as if fully set forth herein.

36. Defendant's use of ROCKEFELLER for services that are related and/or substantially similar to those offered by Rockefeller & Co. under ROCKEFELLER constitutes a false designation of origin and a false representation as to the origin of Defendant's services. Defendant's use of ROCKEFELLER in connection with their financial services business is likely to cause confusion, mistake, or deception as to the source of Defendant's services and is likely to create the false impression that those services are authorized, sponsored, endorsed, licensed by, or affiliated with Rockefeller & Co.

37.     Defendant's conduct is willful, intended to reap the benefit of the goodwill of Rockefeller & Co., and violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

38.     Defendant's conduct has caused and is causing irreparable injury to Rockefeller & Co. and will continue both to damage Rockefeller & Co. and deceive the public unless enjoined by this Court.

39.     Rockefeller & Co. has no adequate remedy at law.

### THIRD CLAIM FOR RELIEF:
### FEDERAL TRADEMARK DILUTION (15 U.S.C. § 1125(c))

40.     Plaintiff repeats and realleges paragraphs 1 through 39 above as if fully set forth herein.

41.     As a result of extensive use and promotion of the ROCKEFELLER mark and the services offered thereunder by Rockefeller & Co. for decades, the ROCKEFELLER mark is famous throughout and outside the United States, is highly distinctive of Plaintiff's services and is widely recognized among the consuming public as a designation of source of Plaintiff's services.  The ROCKEFELLER mark became famous long before Defendant commenced its unauthorized use of the ROCKEFELLER MERCHANT CAPITAL mark as described herein.

42.     The Defendant's commercial use of the ROCKEFELLER mark is likely to dilute Plaintiff's famous ROCKEFELLER mark by impairing the distinctiveness of the ROCKEFELLER mark, thereby lessening the capacity of that mark to identify and distinguish Plaintiff exclusively.

43.     Upon information and belief, the foregoing acts were done willfully and deliberately, commencing long after Plaintiff's ROCKEFELLER mark became famous, and with

an intent to reap the benefit of Plaintiff's goodwill and dilute the distinctiveness of Plaintiff's ROCKEFELLER mark in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

44. Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to damage Plaintiff unless enjoined by this Court.

45. Plaintiff has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF:
## VIOLATION OF ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT
## (15 U.S.C. § 1125(d))

46. Plaintiff repeats and realleges paragraphs 1 through 45 above as if fully set forth herein.

47. Plaintiff's ROCKEFELLER mark was distinctive at the time of Defendant's registration of the *rockefellermerchantcapital.com* domain name.

48. Without authorization from Plaintiff or any other related entity, Defendant has registered, trafficked in, and/or used the domain name *rockefellermerchantcapital.com*, which is confusingly similar to Plaintiff's federally registered ROCKEFELLER mark.

49. Defendant had full knowledge of Plaintiff's prior rights in the ROCKEFELLER mark when it secured a registration for the infringing domain name *rockefellermerchantcapital.com*.

50. Defendant has registered, trafficked in, and/or used the infringing domain name *rockefellermerchantcapital.com* with the bad faith intent to profit from the ROCKEFELLER mark. Upon information and belief, *rockefellermerchantcapital.com* has been used by Defendant with the bad faith intent to reap the benefit of the goodwill in the ROCKEFELLER mark, to divert consumers to Defendant's website for its own commercial gain, and to otherwise profit from unauthorized use of the ROCKEFELLER mark.

51. The aforesaid acts and conduct constitute cyberpiracy in violation of the Anticybersquatting Consumer Protection Act, Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

52. The unauthorized registration and use of the *rockefellermerchantcapital.com* domain name is causing immediate and irreparable injury to Plaintiff and to the goodwill and reputation of the ROCKEFELLER mark, and will continue to damage Plaintiff and the ROCKEFELLER mark unless the Court enjoins such use and transfers registration of the *rockefellermerchantcapital.com* domain name to Plaintiff.

53. Plaintiff has no adequate remedy at law.

**FIFTH CLAIM FOR RELIEF:
TRADEMARK INFRINGEMENT AND
UNFAIR COMPETITION UNDER NEW YORK COMMON LAW**

54. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 53 above as if fully set forth herein.

55. Defendant's use of ROCKEFELLER in connection with their financial services business is likely to confuse the public as to the origin, source or sponsorship of Defendant's services, or to cause mistake or to deceive the public into believing that Defendant's services are authorized, sponsored, endorsed, licensed by, or affiliated with Rockefeller & Co., in violation of Rockefeller & Co.'s rights in the ROCKEFELLER mark under the common law of the State of New York.

56. Upon information and belief, Defendant chose ROCKEFELLER with full knowledge of Rockefeller & Co.'s prior use of and rights in ROCKEFELLER. By adopting and using a colorable imitation of ROCKEFELLER, Defendant has been unjustly enriched and Rockefeller & Co. has been damaged.

57. By misappropriating and trading upon the goodwill and business reputation represented by the ROCKEFELLER mark, Defendant has been and, unless enjoined by this Court, will continue to be unjustly enriched at Rockefeller & Co.'s expense.

58. Defendant's conduct constitutes unfair competition and trademark infringement under the common law of the State of New York.

59. Defendant's conduct has caused and is causing irreparable injury to Rockefeller & Co. and will continue to both damage Rockefeller & Co. and deceive the public unless enjoined by this Court.

60. Rockefeller & Co. has no adequate remedy at law.

## SIXTH CLAIM FOR RELIEF:
## DILUTION UNDER NEW YORK LAW (N.Y. General Business Law § 360-*l*)

61. Plaintiff repeats and realleges paragraphs 1 through 60 above as if fully set forth herein.

62. As a result of extensive use and promotion of the ROCKEFELLER mark and the services offered thereunder by Rockefeller & Co., the ROCKEFELLER mark is highly distinctive of Rockefeller & Co.'s services and is widely recognized among the consuming public as a designation of source of Rockefeller & Co.'s services. The ROCKEFELLER mark was distinctive and widely known long before Defendants commenced their unauthorized use of the ROCKEFELLER MERCHANT CAPITAL mark as described herein.

63. The Defendant's commercial use of the ROCKEFELLER mark is diluting Plaintiff's famous ROCKEFELLER mark by impairing the distinctiveness of the ROCKEFELLER mark, thereby lessening the capacity of that mark to identify and distinguish Plaintiff exclusively, in violation of Section 360-*l* of the General Business Law of the State of New York.

64.     Defendant's conduct has caused and is causing immediate and irreparable injury to Plaintiff and will continue to both damage Plaintiff and to deceive the public unless enjoined by this Court.

65.     Plaintiff has no adequate remedy at law.

*     *     *

**WHEREFORE**, Plaintiff respectfully demands judgment as follows:

**1)**     That a permanent injunction be issued enjoining Defendant and any of its officers, agents, privies, shareholders, principals, directors, licensees, attorneys, servants, employees, affiliates, subsidiaries, successors and assigns, and all those persons in concert or participation with any of them, and any entity owned or controlled in whole or in part by Defendant, in any jurisdiction in which they operate, from:

    (a) imitating, copying or making unauthorized use of the mark ROCKEFELLER, or any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the ROCKEFELLER mark, including but not limited to ROCKEFELLER MERCHANT CAPITAL (any such mark, a "Prohibited Mark"), in or as part of any corporate name, trademark, service mark, domain name, trade name, business name, fictitious name, or otherwise presenting any name that includes in whole or in part a Prohibited Mark on or in connection with any goods, businesses or services offered by Defendant or the advertising or promotion thereof;

    (b) using a Prohibited Mark to refer to or describe any products, goods or services offered by or on behalf of Defendant or any individual, entity or other third party affiliated with Defendant;

(c) using a Prohibited Mark in or as part of any domain name, keyword, metatag, source code or other Internet search term, or otherwise using a Prohibited Mark on or in connection with any website owned or controlled by Defendant;

(d) applying to register or registering in the United States Patent and Trademark Office, or in any state trademark registry, any Prohibited Mark, including the ROCKEFELLER MERCHANT CAPITAL mark;

(e) using a Prohibited Mark in connection with the promotion, advertisement, sale, offering for sale or the provision of any goods or services;

(f) engaging in any other activity constituting unfair competition with Plaintiff or constituting an infringement of the ROCKEFELLER mark; or

(g) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (f) above.

**2)** Directing that Defendant deliver up to Plaintiff's attorneys for destruction all signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials currently in their possession or under their control, incorporating, featuring or bearing the ROCKEFELLER MERCHANT CAPITAL mark or that incorporate, feature or bear any simulation, reproduction, copy, colorable imitation or confusingly similar variation of the ROCKEFELLER mark.

**3)** Directing that the *rockefellermerchantcapital.com* domain name be transferred to Plaintiff.

**4)** Directing such other relief as the Court may deem appropriate to prevent the public from deriving the erroneous impression that any service offered or promoted by

Defendant is authorized by Plaintiff or related in any way to Plaintiff or that Defendant is otherwise affiliated with Plaintiff.

5)      Directing that Defendant file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath, setting forth in detail the manner and form in which it has complied with the above.

6)      Awarding Plaintiff such damages it has sustained or will sustain by reason of Defendant's acts of trademark infringement and unfair competition.

7)      Awarding Plaintiff all gains, profits, property and advantages derived by Defendant from its unlawful conduct and, pursuant to 15 U.S.C. § 1117, awarding Plaintiff an amount up to three times the amount of actual damages sustained as a result of Defendant's violation of the Lanham Act and including but not limited to, at Plaintiff's election prior to final judgment, an award of statutory damages for Defendant's violation of section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

8)      Awarding to Plaintiff exemplary and punitive damages to deter any further willful trademark infringement as the Court finds appropriate.

9)      Awarding to Plaintiff its costs and disbursements incurred in this action, including reasonable attorneys' fees.

10)     Awarding to Plaintiff interest, including pre-judgment interest on the foregoing sums.

11)     Awarding to Plaintiff such other and further relief as the Court may deem just and proper.

## **JURY TRIAL DEMAND**

Plaintiff demands a jury trial in this action.

Dated: November 23, 2015  
       New York, NY

Respectfully submitted,

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____  
    James D. Weinberger (jweinberger@fzlz.com)  
    Jason D. Jones (jjones@fzlz.com)  
866 United Nations Plaza  
New York, New York 10017  
(212) 813-5900

*Counsel for Plaintiff Rockefeller & Co., Inc.*